ORIGINAL

FILED IN CHAMBERS
RICHARD W. STORY
U.S.D.C. Atlanta

NOV 15 2001

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

IN RE:  JDN REALTY CORPORATION     )     Master File No.
SECURITIES LITIGATION              )     1:00-CV-0396-RWS
                                   )

## JUDGMENT AND ORDER OF DISMISSAL

This matter is before the Court on the Parties' proposed class action settlement as to some but fewer than all of the Defendants to this case. The Court expressly determines pursuant to Fed. R. Civ. P. 54(b) that this Judgment and Order of Dismissal is final as to the Released Claims as they pertain to the Settling Defendants, that there is no just reason for delay, and expressly directs the entry of this Judgment. The proposed settlement encompasses the following cases pending before this Court (collectively, the "Consolidated Actions"):

Addington, et al. v. JDN Realty, Inc., et al., Civil Action No. 1:00-CV-0692;

Brazier, et al. v. JDN Realty Corporation, et al., Civil Action File 1:00-CV-0565;

Dolan v. J.D. Nichols, et al., Civil Action No. 3-00-0443 (transferred to this District from the United States District Court in Nashville);

Farrell, et al. v. JDN Realty Corporation, et al., Civil Action No. 1:00-CV-0402;

107

Harrison, et al. v. J. Donald Nichols, et al., Civil
Action No. 1:00-CV-0508;

Hoffman, et al. v. JDN Realty Corporation, et al.,
Civil Action No. 1:00-CV-0518;

Jackson, et al. v. JDN Realty Corporation, et al.,
Civil Action No. 1:00-CV-0396;

Kendall, et al. v. JDN Realty Corporation, et al.,
Civil Action No. 1:00-CV-0397;

Kwalbrun, et al. v. JDN Realty Corporation, et al.,
Civil Action No. 1:00-CV-0437;

Laiks, et al. v. JDN Realty Corporation, et al., Civil
Action No. 1:00-CV-0403;

Laurita, et al. v. J. Donald Nichols, et al., Civil
Action No. 1:00-CV-0454;

Lopez, et al. v. JDN Realty Corporation, et al., Civil
Action No. 1:00-CV-0436;

Ludin, et al. v. JDN Realty Corporation, et al., Civil
Action No. 1:00-CV-0417;

Lynch, et al. v. JDN Realty Company, et al., Civil
Action No. 1:00-CV-2539;

Mitchell, et al. v. JDN Realty Corporation, et al.,
Civil Action No. 3-00-0167 (transferred to this
District from the United States District Court
in Nashville);

Morse v. J. Donald Nichols, et al., Civil Action No.
1:00-CV-0401;

Pitts v. JDN Realty Corp., et al., Civil Action No.
1:00-CV-0414;

Rowan v. JDN Realty Corporation, et al., Civil Action
No. 1:00-CV-0449;

2

<u>Washington Savings Bank v. JDN Realty Corporation, et</u>
<u>al.</u>, Civil Action No. 1:00-CV-0899.

The Consolidated Actions have been consolidated before
this Court in <u>In re: JDN Realty Corporation Securities</u>
<u>Litigation</u>, Master File No. 1:00-CV-0396-RWS.

The Parties have submitted a Stipulation and Agreement
of Settlement dated August 13, 2001 (the "Stipulation")
that sets forth the terms and conditions for a settlement
and dismissal of the Consolidated Action with prejudice as
to some but less than all the Defendants.    The settlement
is between Lead Plaintiff, Clarion-CRA Securities, L.P.,
all of the Named Plaintiffs to the Consolidated Actions,
and all members of the Settlement Class, on the one hand,
and JDN Realty Corporation and JDN Development Company,
Inc. ("JDN"), William J. Kerley, Elizabeth L. Nichols,
Craig V. MacNab, Haywood D. Cochrane, Jr., William B.
Greene, William G. Byrnes and John D. Harris, Jr. (the
"Settling Defendants"), on the other hand.    Having read and
considered the Stipulation (the defined terms of which are
incorporated    herein),    including    the    exhibits    annexed
thereto, and having conducted a Final Approval Hearing
pursuant to this Court's order dated August <u>15</u>, 2001 (the

3

"Hearing Order"), and the Parties having applied for
approval of the Settlement as set forth in the Stipulation,
and due and adequate notice having been given to the
Settlement Class, it is ORDERED and ADJUDGED as follows:

1.     This Court has jurisdiction over the subject
matter of the Consolidated Actions and over all parties to
the Consolidated Actions, including all Settlement Class
Members.

2.     This Court approves the Settlement of the
Consolidated Actions on the terms and conditions provided
for in the Stipulation, finds that the Settlement is, in
all respects, fair, reasonable, and adequate, and that it
confers substantial benefits upon the Settlement Class, and
that it is in the best interests of the Settlement Class,
and, therefore, directs that it be effectuated in
accordance with its terms.

3.     The proposed Class is finally certified pursuant
to the Stipulation and under Rules 23(a) and 23(b)(3) of
the Federal Rules of Civil Procedure for settlement
purposes only as follows:

> All persons who purchased JDN
> securities during the period from
> February 15, 1997 through April 12,

4

> 2000    inclusive    ("Class    Period").
> Excluded from the Class are Defendants,
> officers and directors of the Company,
> members of the immediate families of
> the individual Defendants and each of
> their heirs, successors and assigns and
> any entity in which any Defendant has
> or has had a controlling interest.

Excluded from the Settlement Class are those persons who have submitted valid and timely requests for exclusion pursuant to the Hearing Order and the Notice sent to the members of the Class.  Attached as Exhibit 1 to this Order is a schedule of all such persons who have effectively opted out of the Class.

Lead    Plaintiff    is    appointed    Settlement    Class Representative. For settlement purposes, the requirements of Federal Rule of Civil Procedure 23(a) have been met and the    Lead    Class    Counsel    have    fairly    and    adequately represented and protected the interests of the Settlement Class.

4.    As of the Effective Date of the Settlement and subject to the terms and conditions of the Stipulation, this Court dismisses on the merits and with prejudice the Consolidated Amended Class Action Complaint ("Consolidated Complaint") as it pertains to the Settling Defendants and

all of the complaints filed in the Consolidated Actions as they pertain to the Settling Defendants, and each and every Released Claim of each and every Plaintiff and Settlement Class Member against each and all of the Released Persons. "Released Claims" collectively means all claims, demands, rights, liabilities, and causes of action, known or unknown, accrued or unaccrued, fixed or contingent, direct or derivative, individual or representative, of every nature and description whatsoever, that are asserted or that could have been asserted by any Settlement Class Member arising out of or relating to any of the claimed acts, omissions, misrepresentations, facts, events, matters, transactions, or occurrences referred to in the Amended Complaint, or in any of the complaints filed in any of the Consolidated Actions, regardless of whether made during or after the Class Period, or in any of JDN's financial statements or other publicly filed documents first publicly disclosed before or during the Class Period. "Released Persons" means the Settling Defendants (as defined above), and each of JDN's respective past or present directors (including, but not limited to, Robert Corker and Philip Satre); officers; employees; partners;

6

principals; agents; underwriters; issuers; insurers; co-
insurers; reinsurers; shareholders; attorneys (including,
without limitation, Alston & Bird LLP and Waller Lansden
Dortch & Davis; and any present and former partners or
employees of both); accountants; underwriters, investment
bankers; advisors; securities analysts; brokerage firms;
personal    representatives;    predecessors;    successors;
parents; subsidiaries; divisions; assigns; spouses; heirs;
associates (as defined by SEC Rule 12b-2); affiliates (as
defined by SEC Rule 12b-2); any members of their immediate
families; any person, firm, trust, corporation, officer,
director, or other individual or entity in which any
Settling Defendant has a controlling interest or which is
related to or affiliated with any Settling Defendant or any
trust of which any Settling Defendant is the settlor or
which is for the benefit of any Settling Defendant and/or
member(s) of his family; and shall include any individual,
group, or entity who directly or indirectly participated in
the dissemination of information about JDN or who directly
or indirectly is or may be responsible for any of the
damages alleged in the Consolidated Complaint or in any of
the    Complaints    filed    in    the    Consolidated    Actions,

7

including, without limitation, any securities analysts or brokerage firms. Notwithstanding the foregoing, the "Released Persons" does not include the Non-Settling Persons as that term is defined in the Stipulation, which includes both the Non-Settling Defendants and certain other persons or entities against whom the Settlement Class may have potential claims.[1]

5. As of the Effective Date of the Settlement, all Settlement Class Members and the Plaintiffs in the Consolidated Action are forever barred and enjoined from asserting or prosecuting the Released Claims against any of the Released Persons.

6. As of the Effective Date of the Settlement, the Released Persons are forever released and discharged with respect to any and all Released Claims.

7. The Settling Defendants and the successors and assigns of any of them, are hereby permanently barred and

---

[1]     The "Non-Settling Persons" include J. Donald Nichols, Jeb L. Hughes, C. Sheldon Whittelsey, IV, McCullough Sherrill, L.L.P. (including its predecessors, successors, and all partners and members thereof), ALA Associates, Inc., James King, Bradley J. Taylor, William D. Brunstad, Ernst & Young, L.L.P. (including its predecessors, successors, and all partners and members thereof), and Reliance Insurance Company and all of its affiliates, subsidiaries, predecessors and successors.

enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims relating to the institution or prosecution of the Consolidated Actions against Lead Plaintiff, any of the Plaintiffs, the Settlement Class Members, or their attorneys. All such claims are hereby compromised, settled, released, and discharged by virtue of the proceedings herein and this Order and Final Judgment.

8. In accordance with Section 21D(f)(7) of the Exchange Act, each of the Settling Defendants is by virtue of the Settlement discharged from all claims for contribution that have been or may hereafter be brought by or on behalf of any of the Non-Settling Defendants, the Non-Settling Persons, or any other person, based upon, relating to, or arising out of the Released Claims. Accordingly, (a) the Non-Settling Defendants, the Non-Settling Persons, and all other persons are hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any such claim for contribution against any Settling Defendant based upon, relating to, or arising out of the Released Claims, and (b) the Settling Defendants are hereby permanently barred,

enjoined and restrained from commencing, prosecuting, or asserting any claim for contribution against the Non-Settling Defendants and other persons (other than a person whose liability has been extinguished by the settlement outlined in the Stipulation) based upon, relating to, or arising out of the Released Claims. Except as expressly set forth above, nothing in this Final Judgment and Order of Dismissal shall release, compromise, or impair any claims JDN or the other Settling Defendants have or may have at law or equity, including, without limitation, claims for breach of fiduciary duty, malpractice, professional negligence, breach of contract, indemnification or the like, against any of the Non-Settling Persons, which are not barred by Court order pursuant to Section 21D(f)(7) of the Exchange Act. For purposes of this paragraph 8 and the following paragraph 9, "Non-Settling Defendants" shall include any person who the Plaintiffs may hereafter sue on any claim based upon, relating to, or arising out of the facts underlying the Released Claims.

9.    In accordance with Section 21D(f)(7)(B) of the Exchange Act, and otherwise applicable federal and state

10

law, the total amount of damages awarded in any final verdict or judgment that may be obtained by or on behalf of the Plaintiffs or the Settlement Class against the Non-Settling Defendants shall be reduced by the greater of (a) an amount that corresponds to the percentage of responsibility of the Settling Defendants and the Released Parties for the claims asserted by or on behalf of Plaintiffs and the Class, or (b) the value of the consideration paid by or on behalf of the Settling Defendants to Plaintiffs and the Class in connection with the Settlement.

10.    The Notice of the Settlement and of other matters set forth therein given to the Settlement Class pursuant to the Hearing Order was the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through a reasonable effort, as well as valid, due, and sufficient notice to all persons entitled thereto, and complies fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, the Private Securities Litigation Reform Act of 1995, and any other applicable law.

11

11.   This Court awards fees constituting _20_ % of the Settlement Fund, including interest earned thereon, to Lead Class Counsel (as defined in the Stipulation) for services performed in the Consolidated Actions.    The Court further authorizes   the    reimbursement    of    expenses    incurred, including   expert   fees,   in   the   aggregate   amount   of _$ 339,606.77_ from the Settlement Fund plus interest on such expenses at the same rate and for the same period as earned on the Settlement Fund.    The Court finds such award to be fair and reasonable.

12.   An amount  equal  to  eighty  percent  (80%)  of  the attorneys' fees, expenses and costs as awarded by the Court as specified above may be transferred to Lead Class Counsel from the Settlement Fund upon the entry of this Judgment. Lead Class Counsel shall thereafter allocate the fees and expenses amongst Plaintiffs' Counsel or any of them in a manner  in  which  Lead  Counsel,  in  good  faith,  believes reflects the contributions of each firm to the prosecution and   settlement   of   the   Consolidated   Actions;   provided, however, that in the event that the Effective Date does not occur,  or  this  Judgment  is  reversed  or  modified,  or  the Stipulation is canceled or terminated for any other reason,

12

and in the event that the fees and expenses have been paid
to any extent, then Lead Class Counsel shall within ten
(10) days from receiving written notice from Settling
Defendants' Liaison Counsel or from a court of appropriate
jurisdiction, refund to the Settlement Fund, all amounts
theretofore removed from the Settlement Fund pursuant to
this paragraph, including such amounts, if any, as have
been paid over by Lead Counsel to other counsel, plus
interest thereon from the time of withdrawal to the date of
refund at the same rate as earned on the Settlement Fund.

13.    The balance of the attorneys' fees, expenses, and
costs awarded by the Court shall be paid to Lead Class
Counsel from the Settlement Fund within three (3) business
days after the Effective Date.

14.    This Court hereby approves Plaintiffs' proposed
Plan of Allocation, as set forth in the Notice sent to the
Class:

15.    Without affecting the finality of this judgment in
any way, this Court hereby retains continuing jurisdiction
over:  (a)  implementation  and  administration  of  the
Settlement;  (b)  distribution  of  the  Settlement  Fund,
including interest earned thereon; (c) determination of any

13

questions or applications for attorneys' fees, costs, interest, and expenses; (d) determination of any other applications for payments out of the Settlement Fund; and (e) all Parties hereto for the purpose of enforcing and administering the Stipulation and accompanying exhibits in the Consolidated Action until the Effective Date has occurred and each and every act agreed to be performed by the Parties has been performed. As part of its continuing jurisdiction, the Court shall oversee and approve in advance any dispositions of the Settlement Stock held in the Settlement Escrow Account for the benefit of the Settlement Class Members by Lead Class Counsel prior to the distribution of the Net Settlement Fund to the Settlement Class, to ensure that the dispositions by Lead Class Counsel, as fiduciaries for the Settlement Class, are fair to the Settlement Class Members. For purposes of securing such Court approval, Lead Class Counsel shall be authorized to have ex parte contacts with the Court orally, inter alia, either via a telephonic conference with the Court or in chambers. The Court shall maintain continuing jurisdiction over the Lead and Named Plaintiffs and all

14

Settlement Class Members for purposes of enforcing all terms of this Order.

16. No Authorized Claimant shall have any claim against Lead Plaintiff, Lead Class Counsel, the Claims Administrator, JDN, or other agent designated by Lead Class Counsel based on the distributions made substantially in accordance with any obligations those persons or entities have under the Stipulation and Plan of Allocation as approved by the Court and further orders of this Court. (Note: Except for JDN's obligation under paragraph 9.3 of the Stipulation to mail, or have mailed, the certificates representing the Settlement Stock to Authorized Claimants, the Settling Defendants and Settling Defendants' Counsel shall not have any responsibility for or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the determination, administration, calculation, or payment of claims, the review of Proofs of Claim, the Plan of Allocation, or the giving of notice to Settlement Class Members.)

17. This Order is binding on all Settlement Class Members, excluding those persons listed on Exhibit 1 to this Order.

15

18. Neither this Final Judgment and Order of Dismissal, the Stipulation or any Exhibits thereto, the Settlement, nor any acts performed and documents executed pursuant to or in furtherance of the Stipulation or Settlement: (a) is or may be deemed to be, or may be used as an admission of, or evidence of, the validity or invalidity of any Released Claim, or of any alleged wrongdoing or liability of the Settling Defendants, or any of them, or lack thereof; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any alleged fault, or lack thereof, of the Settling Defendants, or any of them, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, other than in such proceedings as may be necessary to consummate or enforce the Stipulation, the Settlement, or the Judgment, except that if the Stipulation becomes Effective, any of the Settling Defendants and other Released Persons may file the Stipulation or the Judgment in any action that may be brought against them in order to support a claim, defense, or counterclaim based on the principles of res judicata, collateral estoppel, release, judgment bar or reduction, or any other theory of claim or

16

issue preclusion or similar claim, defense, or counterclaim.

19. The Court finds that the Parties, Plaintiffs' Counsel, and the Settling Defendants' Counsel have complied in all respects with Federal Rule of Civil Procedure 11 (b) in connection with the filing of all complaints, responsive pleadings, and dispositive motions in the Consolidated Actions.

20. The Court recognizes that JDN will issue the Settlement Stock in reliance on an exemption from registration contained in section 3(a)(10) of the Securities Act of 1933 (the "Act"), and will not register the shares under the Act, based on the Court's approval of the settlement terms. Pursuant to section 3(a)(10) and the SEC staff's interpretations of the exemption, the Court's judgment of the fairness of the stock portion of the settlement will serve as a substitute for the registration requirements of the Act.

21. The Court, having considered certain of JDN's United States Securities and Exchange Act filings, the nature of the JDN Securities to be issued in connection with and pursuant to the Settlement and Stipulation, and

17

other information regarding JDN, finds with regard to the stock portion of the settlement that: (1) the proposed exchange's terms and conditions are fair to all those who will receive securities in the exchange; and (2) the terms and conditions of, and the procedures for, the proposed exchange are fair.

SO ORDERED THIS _/5th_ DAY OF _November_, 2001

_____
**The Honorable Judge Richard Story**
United States District Judge

18

EXHIBIT 1
## LIST OF CLASS MEMBERS WHO ARE EXCLUDED FROM SETTLEMENT CLASS

1.    Arcas Investments, Inc. (exclusion made on its behalf by Alfredo Fleitas)

2.    Lawrence B. Koch as Executor of the Estate of Winifred Ann Gildon

3.    Tollis White

4.    J. Calvin Winder