ORIGINAL

FILED IN CHAMBERS
RICHARD W. STORY
U.S.D.C. ~~Gainesville~~
*ATLANTA*

JAN 16 2004

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| IN RE:  JDN REALTY CORP. | : | Master File |
| SECURITIES LITIGATION | : | No. 1:00-CV-0396-RWS |
|  | : |  |

### JUDGMENT IN SETTLEMENT II AND ORDER OF DISMISSAL

This matter is before the Court on the Parties' motion to approve the proposed class action settlement with Defendants J. Donald Nichols ("Nichols"), Jeb L. Hughes ("Hughes"), C. Sheldon Whittelsey, IV ("Whittelsey"), William D. Brunstad ("Brunstad"), Bradley J. Taylor ("Taylor"), and the law firm of McCullough Sherrill LLP ("McCullough Sherrill") (Brunstad, Taylor, and McCullough Sherrill being the "McCullough Sherrill Defendants") who collectively represent all of the remaining Defendants to this case (the "Remaining Defendants").  This Court previously entered an Order on November 15, 2001, which approved a class action settlement against some but less than all of the original Defendants, including JDN Realty Corporation ("JDN") and JDN Development Company ("JDN Development") (together, the "JDN Entities").  The terms used in this Judgment, which are defined in the Stipulation and Agreement of Settlement filed on October 15, 2003 in connection with the proposed second and final settlement

(the "Stipulation for Settlement II"), are incorporated herein.

The Court hereby expressly determines pursuant to Fed. R. Civ. P. 54(b) that this Judgment and Order of Dismissal is final as to Settlement II Claims as they pertain to the Released Parties for Settlement II, that there is no just reason for delay, and expressly directs the entry of this Judgment. Settlement II encompasses the following cases pending before this Court (these are the same actions listed in the Judgment in connection with Settlement I and are referred to as the "Consolidated Actions"):

Addington, et al. v. JDN Realty, Inc., et al., Civil Action No. 1:00-CV-0692;

Brazier, et al. v. JDN Realty Corporation, et al., Civil Action File 1:00-CV-0565;

Dolan v. J.D. Nichols, et al., Civil Action No. 3-00-0443 (transferred to this District from the United States District Court in Nashville);

Farrell, et al. v. JDN Realty Corporation, et al., Civil Action No. 1:00-CV-0402;

Harrison, et al. v. J. Donald Nichols, et al., Civil Action No. 1:00-CV-0508;

Hoffman, et al. v. JDN Realty Corporation, et al., Civil Action No. 1:00-CV-0518;

Jackson, et al. v. JDN Realty Corporation, et al., Civil Action No. 1:00-CV-0396;

Kendall, et al. v. JDN Realty Corporation, et al., Civil Action No. 1:00-CV-0397;

Kwalbrun, et al. v. JDN Realty Corporation, et al., Civil
Action No. 1:00-CV-0437;

Laiks, et al. v. JDN Realty Corporation, et al., Civil Action
No. 1:00-CV-0403;

Laurita, et al. v. J. Donald Nichols, et al., Civil Action
No. 1:00-CV-0454;

Lopez, et al. v. JDN Realty Corporation, et al., Civil Action
No. 1:00-CV-0436;

Ludin, et al. v. JDN Realty Corporation, et al., Civil Action
No. 1:00-CV-0417;

Lynch, et al. v. JDN Realty Corporation, et al., Civil Action
No. 1:00-CV-2539;

Mitchell, et al. v. JDN Realty Corporation, et al., Civil
Action No. 3-00-0167 (transferred to this District from the
United States District Court in Nashville);

Morse v. J. Donald Nichols, et al., Civil Action No. 1:00-CV-
0401;

Pitts v. JDN Realty Corp., et al., Civil Action No.
1:00-CV-0414;

Rowan v. JDN Realty Corporation, et al., Civil Action No.
1:00-CV-0449; and

Washington Savings Bank v. JDN Realty Corporation, et al.,
Civil Action No. 1:00-CV-0899.

The Consolidated Actions have been consolidated before this

Court in In re: JDN Realty Corporation Securities Litigation,

Master File No. 1:00-CV-0396-RWS.

The Parties have submitted the Stipulation for Settlement II

that sets forth the terms and conditions for a settlement and

-3-

dismissal of the Consolidated Actions with prejudice as to all the Remaining Defendants.  Settlement II is between Lead Plaintiff, Clarion-CRA Securities, L.P., all of the Named Plaintiffs to the Consolidated Actions, and all members of the Settlement II Class, on the one hand, and the Remaining Defendants, on the other. Having read and considered the Stipulation for Settlement II, including the exhibits annexed thereto, and having conducted a Final Approval Hearing pursuant to the Order dated October 20, 2003 (the "Preliminary Approval Order"), and the Parties having applied for approval of Settlement II as set forth in the Stipulation for Settlement II, and due and adequate notice having been given to the Settlement II Class, it is hereby ORDERED and ADJUDGED as follows:

1.    This Court has jurisdiction over the subject matter of the Consolidated Actions and over all parties to the Consolidated Actions, including all Settlement II Class Members.

2.    This Court approves Settlement II of the Consolidated Actions on the terms and conditions provided for in the Stipulation for Settlement II, finds that Settlement II is, in all respects, fair, reasonable, and adequate, and that it confers substantial benefits upon the Settlement II Class, and that it is in the best interests of the Settlement II Class, and, therefore,

-4-

directs that it be effectuated in accordance with its terms.

3.    The proposed Class is finally certified pursuant to the Stipulation for Settlement II and under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure for settlement purposes only as follows:

> All persons who purchased JDN securities
> during the period from February 15, 1997
> through April 12, 2000 inclusive ("Class
> Period").  Excluded from the Class are
> Defendants, officers and directors of the
> Company, members of the immediate families of
> the individual Defendants and each of their
> heirs, successors and assigns and any entity
> in which any Defendant has or has had a
> controlling interest.

Excluded from the Settlement II Class are those persons who have submitted valid and timely requests for exclusion pursuant to the Hearing Order and the Notice, as referred to in the Stipulation for Settlement II and as sent to the members of the Class.

Lead Plaintiff is appointed as Class Representative for Settlement II.  For settlement purposes, the requirements of Federal Rule of Civil Procedure 23(a) have been met and Lead Class Counsel have fairly and adequately represented and protected the interests of the Settlement II Class.

4.    As of the Effective Date of Settlement II and subject to

-5-

the terms and conditions of the Stipulation for Settlement II,
this Court dismisses on the merits and with prejudice the
Consolidated Amended Class Action Complaint ("Consolidated
Complaint") as it pertains to the Released Parties for Settlement
II and all of the complaints filed in the Consolidated Actions as
they pertain to the Released Parties for Settlement II, and each
and every Settlement II Claim of each and every Plaintiff and
Settlement II Class Member against each and all of the Released
Parties for Settlement II. "Settlement II Claims" collectively
means all claims, demands, rights, liabilities, and causes of
action, known or unknown, accrued or unaccrued, fixed or
contingent, direct or derivative, individual or representative, of
every nature and description whatsoever, that are asserted or that
could have been asserted by any Settlement II Class Member arising
out of or relating to any of the claimed acts, omissions,
misrepresentations, facts, events, matters, transactions, or
occurrences referred to in the Consolidated Complaint, or in any
of the complaints filed in any of the Consolidated Actions,
regardless whether made during or after the Class Period, or in
any of JDN's financial statements or other publicly filed
documents first publicly disclosed before or during the Class
Period. "Released Parties for Settlement II" means Nichols,

-6-

Hughes, Whittelsey, Brunstad, and Taylor, or any one of them, and any members of their immediate families, and McCullough Sherrill; any person, firm, trust, corporation, officer, director, or other individual or entity in which any Remaining Defendant has a controlling interest or that is related to or affiliated with any Remaining Defendant or any trust of which any Remaining Defendant is the settlor or that is for the benefit of any Remaining Defendant and/or member(s) of his or her family. In addition, the Released Parties for Settlement II expressly includes the following persons who are collectively referred to as the "Third-Party Intended Beneficiaries", which term means those natural persons named as partners of Glass, McCullough Sherrill and Harrold in the style of the case pending in the Superior Court of Fulton County bearing Civil Action File No. 2003CV2378 (the "Kerley Litigation") who are not signatories to the McCullough Sherrill Defendants' Release and Settlement Agreement.

Notwithstanding anything herein to the contrary, however, this Order is not intended to and does not release any churning or suitability claims against any brokers, if any such claims exist.

5.    As of the Effective Date of Settlement II, all Settlement II Class Members and the Plaintiffs in the Consolidated

-7-

Actions are forever barred and enjoined from asserting or prosecuting Settlement II Claims against any of the Released Parties for Settlement II.  The release of the Third-Party Intended Beneficiaries and thus the prohibition against bringing suit against them, however, is subject to and contingent upon the Third-Party Intended Beneficiaries not asserting or filing any claim whatsoever against any of the Plaintiffs, unless and except such claim is brought or asserted in the form of a claim for contribution or indemnity resulting from the Kerley Litigation, and provided such claim is brought only after a judgment on the merits at trial is obtained in the Kerley Litigation against the party or parties asserting the claim that exposes such party or parties to personal liability that will not be covered by any applicable insurance policies.

6.    As of the Effective Date of Settlement II, the Released Parties for Settlement II are forever released and discharged with respect to any and all Settlement II Claims as set forth above, except if the releases as to the Third-Party Intended Beneficiaries are voided hereafter.

7.    The Remaining Defendants and the successors and assigns of any of them are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any

-8-

other capacity, any and all claims relating to the institution or prosecution of the Consolidated Actions against Lead Plaintiff, any of the Plaintiffs, the Settlement II Class Members, or their attorneys, including Lead Class Counsel. All such claims are hereby compromised, settled, released, and discharged by virtue of the proceedings herein and by virtue of this Judgment in Settlement II and Order of Dismissal with prejudice.

     8.    In accordance with Section 21D(f)(7) of the Exchange Act, each of the Remaining Defendants is by virtue of Settlement II discharged from all claims for contribution that have been or may hereafter be brought by or on behalf of any person, based upon, relating to, or arising out of the Settlement II Claims. Accordingly, (a) all persons are hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any such claim for contribution against any of the Remaining Defendants based upon, relating to, or arising out of Settlement II Claims, and (b) the Remaining Defendants are hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any claim for contribution against all persons (other than a person whose liability has been extinguished by the settlement outlined in the Stipulation for Settlement II) based upon, relating to, or arising out of Settlement II Claims.

-9-

9.    In accordance with Section 21D(f)(7)(B) of the Exchange
Act, and otherwise applicable federal and state law, the total
amount of damages awarded in any final verdict or judgment that
may be obtained by or on behalf of the Plaintiffs or the
Settlement II Class against any of the Remaining Defendants as to
whom this Judgment does not, for any reason, become final shall be
reduced by the greater of (a) an amount that corresponds to the
percentage of responsibility of Released Parties for Settlement II
for the claims asserted by or on behalf of Plaintiffs and the
Class, or (b) the value of the consideration paid by or on behalf
of the Released Parties for Settlement II to Plaintiffs and the
Class in connection with Settlement II.

10.    The Notice of Settlement II and of other matters set
forth therein given to the Settlement II Class pursuant to the
Hearing Order was the best notice practicable under the
circumstances, including individual notice to all Settlement II
Class Members who could be identified through a reasonable effort,
as well as valid, due, and sufficient notice to all persons
entitled thereto, and complies fully with the requirements of Fed.
R. Civ. P. 23, the Constitution of the United States, the Private
Securities Litigation Reform Act of 1995, and any other applicable
law.

-10-

11.   The terms of the Stipulation for Settlement II are incorporated herein by reference and all obligations of the Released Parties for Settlement II and the Class as set forth therein are so ordered.  To the extent that the Class is requested to execute documents terminating their security interests in various collateral called for by the Stipulation for Settlement II, Defendant Nichols' counsel shall have responsibility for preparing such documentation in a form reasonably satisfactory to Lead Class Counsel.  Upon entry of this Judgment and Order, Nichols' counsel shall deliver to Lead Class Counsel the certified check that represents any remaining amount that Defendant Nichols owes on Nichols' Second Installment of his Payment Obligation and the Promissory Note referred to in paragraph 2 of the Nichols' Release and Settlement Agreement, a copy of which is attached as Exhibit C to the Stipulation for Settlement II.  In addition, Defendant Nichols shall deliver the Third Installment, or $500,000 by way of certified check made payable to Martin D. Chitwood, Escrow Agent for the JDN Securities Litigation Settlement Fund, on or before 90 days from the date of this Judgment and Order.  The $1,000,000 balance due on Nichols' Payment Obligation, or the Final Installment, shall be made by delivering a certified check in the amount of $1,000,000 and made payable to Martin D.

-11-

Chitwood, Escrow Agent for the JDN Securities Litigation

Settlement Fund, on or before 180 days from the date of this

Judgment and Order.

12.   Pursuant to Section 2.20 of the Stipulation for

Settlement I, the Settlement Escrow Agent, Martin D. Chitwood,

shall repay the assurance payment to the JDN Entities at such

place as directed by the JDN Parties as follows: $1,900,000 (plus

interest accrued on such amounts) 30 days following this Court's

final approval of Settlement II, assuming no appeal; $440,000

(plus any interest earned on such money from the date Nichols'

Second Installment is paid to the Class) 30 days following this

Court's final approval of Settlement II, assuming no appeal, or

immediately upon receipt by the Class of Nichols' Second

Installment, whichever is later; $500,000 directly upon receipt by

the Class of Nichols' Third Installment, which is scheduled to

occur within 90 days from this Court's final approval of

Settlement II; and $1,000,000 directly upon receipt by the Class

of Nichols' Final Installment, which is scheduled to occur within

180 days from this Court's final approval of Settlement II.

13.   This Court awards fees constituting _20_ % of the

portion of the Settlement Fund that the Class nets from Settlement

II after the Class satisfies its repayment obligation to JDN

-12-

(i.e., the fee award is _20_ % of $3,500,000), including interest
earned thereon, to Lead Class Counsel (as defined in the
Stipulation for Settlement II) for services performed in the
Consolidated Actions.  The Court further authorizes the
reimbursement of expenses incurred, including expert fees, in the
aggregate amount of _$32,757.70_ from the Settlement Fund plus
interest on such expenses at the same rate and for the same period
as earned on the Settlement Fund.  The Court finds such award to
be fair and reasonable.

14.  The attorneys' fees, expenses, and costs awarded by the
Court as specified above may be transferred to Lead Class Counsel
from the Settlement Fund upon the entry of this Judgment.  Lead
Class Counsel shall thereafter allocate the fees and expenses
amongst Plaintiffs' Counsel or any of them in a manner in which
Lead Counsel, in good faith, believes reflects the contributions
of each firm to the prosecution and settlement of the Consolidated
Actions; provided, however, that in the event that the Effective
Date does not occur, or this Judgment is reversed or modified, or
the Stipulation for Settlement II is canceled or terminated for
any other reason, and in the event that the fees and expenses have
been paid to any extent, then Lead Class Counsel shall within ten
(10) days from receiving written notice from Defendants' Counsel

-13-

or from a court of appropriate jurisdiction, refund to the
Settlement Fund, all amounts theretofore removed from the
Settlement Fund pursuant to this paragraph, including such
amounts, if any, as have been paid over by Lead Class Counsel to
other counsel, plus interest thereon from the time of withdrawal
to the date of refund at the same rate as earned on the Settlement
Fund.

15.    This Court hereby approves Plaintiffs' proposed Plan of
Allocation, as set forth in the Notice sent to the Class.

16.    Without affecting the finality of this judgment in any
way, this Court hereby retains continuing jurisdiction over: (a)
implementation and administration of Settlement II; (b)
distribution of the Settlement Fund, including interest earned
thereon; (c) determination of any questions or applications for
attorneys' fees, costs, interest, and expenses; (d) determination
of any other applications for payments out of the Settlement Fund;
and (e) all Parties hereto for the purpose of enforcing and
administering the Stipulation for Settlement II and accompanying
exhibits in the Consolidated Actions until the Effective Date has
occurred and each and every act agreed to be performed by the
Parties has been performed.    The Court shall maintain continuing
jurisdiction over the Lead and Named Plaintiffs and all Settlement

-14-

II Class Members for purposes of enforcing the terms of this Order.

17. No Authorized Claimant shall have any claim against Lead Plaintiff, Lead Class Counsel, the Claims Administrator, any of the Remaining Defendants, or other agent designated by Lead Class Counsel based on the distributions made substantially in accordance with any obligations those persons or entities have under the Stipulation for Settlement II and Plan of Allocation as approved by the Court and further orders of this Court. The Remaining Defendants and Defendants' Counsel shall not have any responsibility for or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the determination, administration, calculation, or payment of claims, the review of Proofs of Claim, the Plan of Allocation, or the giving of notice to Settlement II Class Members.

18. This Order is binding on all Settlement II Class Members, which excludes those persons listed on Exhibit 1 to this Order who opted out of Settlement II.

19. Neither this Final Judgment and Order of Dismissal, the Stipulation for Settlement II or any Exhibits thereto, Settlement II, nor any acts performed and documents executed pursuant to or in furtherance of the Stipulation for Settlement II or Settlement

-15-

II: (a) is or may be deemed to be, or may be used as an admission

of, or evidence of, the validity or invalidity of any Settlement

II Claim, or of any alleged wrongdoing or liability of the

Remaining Defendants, or any of them, or lack thereof; or (b) is

or may be deemed to be or may be used as an admission of, or

evidence of, any alleged fault, or lack thereof, of the Remaining

Defendants, or any of them, in any civil, criminal, or

administrative proceeding in any court, administrative agency, or

other tribunal, other than in such proceedings as may be necessary

to consummate or enforce the Stipulation for Settlement II,

Settlement II, or the Judgment, except that if the Stipulation for

Settlement II becomes effective, any of the Remaining Defendants

may file the Stipulation for Settlement II or the Judgment in any

action that may be brought against them in order to support a

claim, defense, or counterclaim based on the principles of res

judicata, collateral estoppel, release, judgment bar or reduction,

or any other theory of claim or issue preclusion or similar claim,

defense, or counterclaim.

20. The Court finds that the Parties, Plaintiffs' Counsel,

and Defendants' Counsel have complied in all respects with Federal

Rule of Civil Procedure 11(b) in connection with the filing of all

-16-

complaints, responsive pleadings, and dispositive motions in the Consolidated Actions.

21.  The Parties shall bear their own costs and expenses, except as otherwise provided in the Stipulation for Settlement II or in this Order.

22.  In the event that Nichols defaults on his Payment Obligation or Promissory Note or otherwise breaches the Nichols' Release and Settlement Agreement, the Class shall have all rights and remedies available to it under law or equity, including those rights specifically called for in Section 3 of the Nichols' Release and Settlement Agreement.  Moreover, as stated in the Nichols' Release and Settlement Agreement, the Class on the one hand and the JDN Entities on the other hand have certain obligations to each other as a result of the settlement with Defendant Nichols, and the terms of such agreement are also incorporated herein by reference.  In the event that Nichols defaults on his Payment Obligation or the Promissory Note, the Class and the JDN Entities may pursue different remedies as provided in Section 3(b)(iii) of the Nichols' Release and Settlement Agreement, should they so elect.  However, neither the Class nor the JDN Entities may pursue both enforcement of this Judgment and the remedy set forth in Paragraph 3(b)(iii).

-17-

SO ORDERED THIS _16th_ DAY OF _January_ , 2004.

_____
The Honorable Richard W. Story
Judge, United States District Court