IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

_____
                                    :
IN RE JDN REALTY CORP.              :   Master File No.
SECURITIES LITIGATION               :   1:00-CV-0396-RWS
_____         :


ORDER APPROVING
DISTRIBUTION OF CLASS SETTLEMENT FUND

Upon consideration of Plaintiffs' Motion for Distribution of Cash Settlement Fund in Connection With Second and Final Class Action Settlement and Memorandum in Support, and the Exhibits thereto (the "Distribution Petition"), and upon the Stipulation and Agreement of Settlement with the Remaining Defendants ("Stipulation for Settlement II") dated October 17, 2003, and upon the Order approved herein on January 16, 2004, it is hereby ORDERED as follows:

1.   The procedures used and actions taken by the Claims Administrator, The Garden City Group, Inc. ("Garden City Group"), and Plaintiffs' counsel for the administration of the Settlement are hereby adjudged to have been proper and complete, and the administrative determinations of

Garden City Group accepting and rejecting Claims filed in this matter are approved.

2. The valid Claims listed in the Claimants Listing, Exhibits C and D to the Affidavit of Shandarese Garr dated October 29, 2004 (the "Claims Administrator's Summary Report"), which was filed contemporaneously with the Distribution Petition, are approved. They include totally valid Claims and the valid portions of partially-valid Claims of both timely-filed and late-filed Claims (the "Authorized Claimants").

3. The rejection of the Claims set forth in Exhibit E to the Claims Administrator's Summary Report as entirely rejected or totally deficient, is affirmed.

4. The Court approves the inclusion of the valid, but late-filed Claims to be eligible to share in the Net Settlement Fund.

5. The Court approves the claims of the Subsequent Claimants, as set forth in Exhibit B to the Claims Administrator's Summary Report.

6. The Court approves payment of fees and costs to the Claims Administrator of the settlement in the amount of $391,056.68, which includes $19,878.01 in anticipated future fees and costs to be expended in connection

with the distribution and post-distribution processing of the Net Settlement Fund.

7. The Court approves an award to Lead Counsel for reimbursement of expenses in the amount of $1,506.98.

8. Plaintiffs' Counsel is directed to set aside a reserve of an appropriate amount for possible federal income taxes on the net interest income earned by the Settlement Fund, if any.

9. Plaintiffs' Counsel is directed to make the priority distribution to Subsequent Claimants and then distribute the balance of the Net Settlement Fund to Authorized Claimants, in accordance with the previously approved plan of allocation for this second and final settlement in this action.

10. The Court directs that the checks for distribution to the Subsequent Claimants and the Authorized Claimants shall bear the notation "Non-Negotiable After 180 Days," and no check shall be negotiated in the Net Settlement Fund more than 200 days after the date of the check.

11. The Court finds that, at the later of one year after the initial distribution of the Net Settlement Fund to Subsequent Claimants and Authorized Claimants, or six months after any distribution checks have been reissued, and

after appropriate efforts to locate and distribute funds to the Subsequent Claimants and Authorized Claimants (as delineated in the motion), it will be appropriate to distribute any unclaimed monies, remaining in the Net Settlement Fund after the make-up for any unforeseen underpayments to Subsequent Claimants and Authorized Claimants, if any, in a secondary distribution to the Class if, in Lead Class Counsel's discretion, there are enough monies remaining to warrant a secondary distribution.

      12.    The Court finds that, at the later of one year after the secondary distribution of the Net Settlement Fund, or six months after any distribution checks have been reissued, and after appropriate efforts to locate and distribute funds to the Subsequent Claimants and Authorized Claimants (as delineated in the Motion), or if no secondary distribution occurs, at the later of one year after the initial distribution of the Net Settlement Fund, or six months after any distribution checks have been reissued, and after appropriate efforts to locate and distribute funds to the Subsequent Claimants and Authorized Claimants (as delineated in the Motion) it will be appropriate to distribute any unclaimed monies, remaining in the Net Settlement Fund after the make-up for any unforeseen underpayments to Subsequent Claimants and Authorized Claimants,

if any, to one or more non-sectarian, not-for-profit 501(c)(3) organization(s) designated by Lead Counsel.

13. The Court also finds that, one year after the initial distribution of the Net Settlement Fund to Subsequent Claimants and Authorized Claimants, it will be appropriate for the claims Administrator to destroy all claim forms and related correspondence. The Claims Administrator shall, however, retain all administrative records, including its copy of the Claimants Listing and its computer database and programs used to create the Claimants Listing for a period of three (3) years after the initial distribution of the Net Settlement Fund to Authorized Claimants.

14. The Garden City Group, plaintiffs, Plaintiffs' Lead Counsel, and all other persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proof of Claim forms are released and discharged from any and all claims arising out of such involvement (the "released persons"), and all Class members, whether or not they are to receive payment from the Settlement Fund, are barred from making any further claims against the Settlement Fund or the released persons beyond the amount

AO 72A
(Rev.8/82)

allocated to them by the Garden City Group as the Claims Administrator, pursuant to this Order.

**SO ORDERED**, this  16th  day of November, 2004

                                /s/ Richard W. Story
                                RICHARD W. STORY
                                UNITED STATES DISTRICT JUDGE